IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LISA BILLINGSLEY                                                                    PLAINTIFF

v.                                    CIVIL NO. 2:17-CV-2058

NANCY A. BERRYHILL,[1] Acting Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lisa Billingsley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff filed her application for DIB and protectively filed her application for SSI on July 11, 2014, and August 19, 2014, respectively, alleging an inability to work since February 23, 2013, due to fibromyalgia, depression, anxiety, bone spur in back, lower back problems,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

sciatic nerve problems, herniated disc in neck, arthritis, and irritable bowel syndrome. (Tr. 73-74, 85-86, 99-100, 115-116). An administrative video hearing was held on January 5, 2016, at which Plaintiff and a vocational expert testified. (Tr. 52-70).

By written decision dated February 18, 2016, the ALJ found that during the relevant time periods, Plaintiff had severe impairments of degenerative disc disease of the lumbar and cervical spine, irritable bowel syndrome, restless leg syndrome, fibromyalgia, obstructive sleep apnea, osteoarthritis, and depression. (Tr. 33-34). After reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 34). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for the following:

> [C]laimant should be allowed to sit or stand at will. The claimant should never climb ladders, ropes or scaffolds. She should no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant should avoid all hazards and unprotected heights. She is restricted to no more than occasional overhead reaching. She should have no contact with the general public, and no more than occasional changes to the workplace setting. The work should be limited to unskilled work where interpersonal contact would be incidental to the work performed. Supervision would be simple, direct and concrete to the worker. The work must be limited to SVP 1 or 2 jobs that could be learned within 30 days.

(Tr. 37-42). With the help of a vocational expert, the ALJ determined that Plaintiff was unable to perform her past relevant work as a school cafeteria cook. (Tr. 42). However, based on the Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that the Plaintiff could perform, such as a document preparer or a compact assembler. (Tr. 43). Ultimately, the ALJ concluded

that the Plaintiff had not been under a disability within the meaning of the Social Security Act from February 23, 2013, through the date of the decision. (Tr. 43).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 16, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v.

Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 10th day of July, 2018.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE